# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CAROLINA A. REYES, | DOCKET NUMBER |
| Appellant, | DC-0843-17-0542-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: June 29, 2023 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Randle R. Edwards, Washington, D.C., for the appellant.

Carl E. Hobbs, II, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal of an Office of Personnel Management (OPM) final decision denying her application for a Federal Employees' Retirement System (FERS) basic death benefit.  For the reasons set

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2    On May 25, 2017, the appellant filed a Board appeal of OPM's final decision denying her application for a basic employee death benefit under FERS. Initial Appeal File (IAF), Tab 1.  On August 1, 2017, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction on the basis that OPM had rescinded the final decision under appeal.  IAF, Tab 11, Initial Decision (ID).  The administrative judge noted that, in moving to dismiss the appeal, OPM asserted its intention to grant the appellant's application for death benefit.  ID at 1-2; IAF, Tab 9.  The administrative judge notified the appellant of her right to file a petition for review and of the time limits for doing so.  ID at 3-4.

¶3    On November 21, 2017, the appellant filed a petition for review, objecting to the way that OPM had handled her case and requesting that the Board hold OPM accountable for its promise to grant her application.  Petition for Review (PFR) File, Tab 1.  The Clerk of the Board issued an order, notifying the appellant that her petition for review appeared to be untimely and directing her to file a motion to accept the appeal as timely or to waive the filing deadline for good cause shown.  PFR File, Tab 2.  The appellant responded, requesting that the Board accept her petition for review as timely and explaining that the OPM had recently contacted her to say that OPM no longer intended to grant her application.  PFR File, Tab 3.  The Clerk of the Board then issued an order to OPM, directing it to file evidence and argument to show that it had completely rescinded its prior decision by restoring the appellant to the status quo ante.  PFR File, Tab 4.  OPM failed to respond to the order.  However, on August 22, 2018, the appellant filed a request to withdraw her petition for review based on "the representation of [OPM] that the final reconsideration decision has been

rescinded in full and that OPM has now granted my application for Basic Employee Death Benefits . . . ." PFR File, Tab 7. OPM consented to the withdrawal. *Id.*

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4 Withdrawal of a petition for review is an act of finality that has the effect of removing the appeal from the Board's jurisdiction. *Okello v. Office of Personnel Management*, 112 M.S.P.R. 563, ¶ 5 (2009). Hence, a withdrawal must be by clear, unequivocal, and decisive action. *Leno v. Department of Veterans Affairs*, 90 M.S.P.R. 614, ¶ 3 (2002). In this case, the appellant's withdrawal appears to be conditioned on OPM's granting her application for death benefits, and therefore does not meet that standard. PFR File, Tab 7; *see Ryan v. Department of the Air Force*, 117 M.S.P.R. 362, ¶ 9 (2012). Notably, the record does not contain any evidence to support a finding that the conditions of the withdrawal have, in fact, been met. Finding that the parties would not be prejudiced by a disposition of the petition for review on timeliness grounds, we deny the appellant's request for a withdrawal and proceed to the issue of timeliness.

¶5 A petition for review must be filed within 35 days after the initial decision is issued or, if the appellant shows that she received the initial decision more than 5 days after it was issued, within 30 days after the date of receipt. *Williams v. Office of Personnel Management*, 109 M.S.P.R. 237, ¶ 7 (2008); 5 C.F.R. § 1201.114(e). In this case, we find that the petition for review was untimely filed by 42 days. The initial decision was issued on August 1, 2017, and it was served the same day on the appellant by mail and on her representative by email. ID at 1; IAF, Tab 12. There is no indication that either the appellant or her representative failed to receive the initial decision in due course, and so the filing deadline was September 5, 2017, 35 days from the date of the initial decision. *See* 5 C.F.R. § 1201.114(e); *see also Williamson v. U.S. Postal Service*, 106 M.S.P.R. 502, ¶ 7 (2007) (explaining that, under Board precedent and

regulations, documents placed in the mail are presumed to be received in 5 days). The appellant filed her petition for review 42 days later, on November 21, 2017, as indicated by the postmark on the envelope in which she mailed it. PFR File, Tab 1 at 6; *see* 5 C.F.R. § 1201.4(*l*) (providing that the date of filing by mail is determined by the postmark date).

¶6      The Board will waive the filing deadline for a petition for review only upon a showing of good cause for the filing delay. *Lawson v. Department of Homeland Security*, 102 M.S.P.R. 185, ¶ 5 (2006); 5 C.F.R. §§ 1201.12, 1201.114(g). To establish good cause for an untimely filing, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of her case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶7      In this case, the appellant's explanation for the delay is that, on November 15, 2017, after the filing deadline had already passed, OPM's representative left her a voicemail stating that he forwarded her death benefit application to the office within OPM responsible for adjudicating it, but the office did not agree that there was sufficient basis to grant the application. PFR File, Tab 3 at 3, 5. He stated that the appellant would be receiving a new final decision with notice of Board appeal rights. *Id.* at 5. We find that the appellant is essentially claiming that her untimely filing should be excused because it was based on new and material evidence. *See Lybrook v. Department of the Navy*,

51 M.S.P.R. 241, 244 (1991) (explaining that the discovery of new and material evidence may provide good cause to waive the deadline for filing a petition for review). We find that the OPM representative's November 15, 2017 voicemail constitutes new evidence because it was unavailable prior to the September 5, 2017 filing deadline, and that the appellant acted diligently by filing her petition promptly within a week after receiving it. *See Brown v. Department of the Army*, 108 M.S.P.R. 90, ¶ 8 (2008) (finding good cause to waive the filing deadline when the appellant filed his petition within 5 days of receiving new and material evidence). However, we find that the appellant has not established good cause to waive the filing deadline because the information contained in the OPM representative's voicemail is not material to the outcome of the appeal. *See Levenson v. Department of Transportation*, 38 M.S.P.R. 292, 295-96 (1988) (declining to waive the petition for review filing deadline because the new evidence that the appellant submitted was not material to the outcome of the appeal).

¶8      The administrative judge dismissed this appeal for lack of jurisdiction on the basis that OPM had rescinded its final decision. ID at 1-2. It is well-settled that OPM's complete rescission of a final decision divests the Board of jurisdiction over an appeal of that decision. *Richardson v. Office of Personnel Management*, 101 M.S.P.R. 128, ¶ 3 (2006). However, a complete rescission requires OPM to return the appellant to the status quo ante. *Campbell v. Office of Personnel Management*, 123 M.S.P.R. 240, ¶ 7 (2016). In this case, the appellant's status quo ante, prior to OPM's final decision, is that she was not in receipt of any death benefits and that she was awaiting a final decision on her application. IAF, Tab 1 at 7-19. The evidence in this appeal, filed both below and on petition for review, shows that exactly these same conditions existed after OPM rescinded its final decision. IAF, Tab 9 at 5; PFR File, Tab 3 at 5. We therefore find that OPM's rescission was complete. Although the

administrative judge mentioned in her initial decision that OPM intended to issue a final decision granting the appellant's application, ID at 2, this fact was not material to the outcome of the appeal. OPM's rescission of its final decision would still have divested the Board of jurisdiction regardless of whether OPM had made any such assurances. *See, e.g.*, *Glasgow v. Office of Personnel Management*, 103 M.S.P.R. 531, ¶ 5 (2006) (dismissing the appellant's disability retirement appeal for lack of jurisdiction on the basis that OPM rescinded its previous decision dismissing the application as untimely and intended to issue a new decision on the merits). In other words, granting the appellant's application was not part of returning her to the status quo ante. Because the information contained in the OPM representative's voicemail was not material to the jurisdictional issue, we find that the discovery of this evidence does not provide good cause to waive the deadline for filing the petition for review. *See Upshaw v. Department of Defense*, 56 M.S.P.R. 94, 97 (1992), *aff'd*, 5 F.3d 1502 (Fed. Cir. 1993) (Table).

¶9　　　　It appears, although it is by no means certain, that OPM may have since issued a new final decision on the appellant's application for death benefits, and that the appellant is satisfied with that decision. PFR File, Tab 6. Nevertheless, if the appellant is not satisfied with OPM's new final decision, she has the right to file a separate Board appeal to contest it. *See Rorick v. Office of Personnel Management*, 109 M.S.P.R. 597, ¶¶ 5-7 (2008).

¶10　　　　Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the jurisdictional issue.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative

receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                              /s/ for
                                   Jennifer Everling
                                   Acting Clerk of the Board
Washington, D.C.